# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LUANNE MCMANUS,<br><br>Plaintiff,<br><br>v.<br><br>NOBEL BIOCARE USA, LLC; NOBEL BIOCARE HOLDING, AG,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT NOBEL BIOCARE USA, LLC'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nobel Biocare USA, LLC ("Defendant" or "Nobel Biocare"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, hereby files this Notice of Removal of the action commenced in Sangamon County District Court captioned *LuAnne McManus v. Nobel Biocare USA, LLC and Nobel Biocare Holding, AG*, Sangamon County District Court Case No. 2022LA000121 (the "State Court Action"). In support thereof, Defendant states as follows:

1. On July 11, 2022, Plaintiff LuAnne McManus ("Plaintiff" or "McManus") filed her Complaint (the "Complaint") against Nobel Biocare in the State Court Action alleging causes of action for strict liability, breach of express and implied warranty, negligence, res ipsa loquitur, and failure to warn. (*See* Complaint attached as **Exhibit A**.) A copy of this Complaint was served upon the Defendant on July 15, 2022. (*Id.*)

2. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because there is diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the state court where the removed action has been pending.

4. Defendant timely files this Notice of Removal pursuant to 28 U.S.C. § 1446(b). The Complaint was served on Nobel Biocare on July 15, 2022. (*See* **Exhibit A.**)

**DIVERSITY OF CITIZENSHIP**

5. For diversity purposes, an individual is a citizen of the state in which she is domiciled. *See* 28 U.S.C. 1332(a)(1). An individual's domicile is generally determined by: (1) an individual's residence in a state; and (2) their intent to remain in that state. *Ner Tamid Congregation v. Krivoruchko*, 620 F. Supp. 2d 924, 932 (N.D. Ill. 2009). This is determined at the time the complaint was filed. *Id.*

6. Plaintiff is domiciled in the State of Illinois. Plaintiff's Complaint admits that "Plaintiff, LuAnne McManus, is and at all times relevant to this action, an individual who resides in Sangamon County, IL." (**Exhibit A,** Complaint at ¶ 1.) Where an individual's residence and intent to remain at that residence are clear, no further inquiry is needed to determine her domicile. *Ner Tamid Congregation*, 620 F. Supp. 2d at 932. Here, Plaintiff has admitted that at all relevant times, she was domiciled in Illinois.

7. Defendant Nobel Biocare USA, LLC is a Delaware limited liability company with its principal place of business in Yorba Linda, California. (**Exhibit A,** Complaint at ¶ 2.) Nobel Biocare is wholly owned by Nobel Biocare Holding USA, Inc., a Delaware corporation with its principal place of business in Yorba Linda, California. Illinois is not Defendant's state of incorporation or principal place of business. Thus, Defendant is a citizen of Delaware and California for diversity purposes. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350

F.3d 691, 692 (7th Cir. 2003) (A limited liability company's citizenship is determined solely by the citizenship of the company's members).

8. Defendant Nobel Biocare Holding AG—which has not been served in this case—was a Switzerland corporation with its principal place of business in Zurich, Switzerland. (**Exhibit A**, Complaint at ¶5.) Thus, Defendant Nobel Biocare Holding AG was a citizen of Switzerland for diversity purposes. However, upon information and belief, Nobel Biocare Holding AG is no longer an active entity since it merged with Nobel Biocare Services AG; the merger was registered in the commercial register of the Canton of Zurich, Switzerland, on August 20, 2015.

9. Based on the foregoing, there is complete diversity between the parties within the meaning of 28 U.S.C. § 1332. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (requiring complete diversity).

## AMOUNT IN CONTROVERSY

10. For diversity purposes, the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(a). Where a complaint does not state the amount in controversy, for removal purposes, "a good-faith estimate of the [amount in controversy] is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006).[1]

11. Plaintiff's Complaint does not specify the amount in controversy, but she alleges that each of the five Counts that she asserts against Defendant entitle her to damages "in excess of

---

[1] A defendant filing a notice of removal is not only proper, but necessary, even where there is some uncertainty as to the amount in controversy. A defendant "interested in removal is forced to speculate . . . as to the amount of plaintiff's likely recovery—and if defendant does prefer a federal forum it must err on the side of seeking removal, lest the 30-day time limit for such removal under Section 1446(b) were to expire before defendant could gain any greater certainty in that respect." *Sawisch v. Circuit City Stores,* 960 F.Supp. 154, 155 (N.D. Ill. 1997).

3

$50,000 . . . ." (**Exhibit A,** Complaint at ¶¶ 28, 28, 47, and 60.) Accordingly, on the face of her Complaint, Plaintiff seeks damages in excess of $250,000 in the aggregate.

12. Moreover, Plaintiff's Complaint asserts serious allegations of harm that she contends were caused by Defendant for which Defendant must be liable. For example, she contends that Defendant must be liable for: repeat infections (*id.* at ¶ 15), surgical consults (*id.* at ¶ 16), permanent and disfiguring bone loss (*id.* at ¶ 18), loss of dental function (*id.* at ¶ 18), past, present, and future pain and suffering (*id.* at ¶¶ 19, 26, 36, 45, and 58), past and future dental expenses (*id.* at ¶¶ 27, 37, 46, and 59), unspecified permanent limitations (*id.* at ¶¶ 28, 38, 47, and 60), and out-of-pocket expenses (*id.* at ¶¶ 28, 38, 47, and 60).

13. The alleged amount in controversy exceeds the $75,000.00 minimum, as required under 28 U.S.C. § 1332(a). Plaintiff alleges damages of at least $250,000. Additionally, the injuries alleged in Plaintiff's Complaint are independently sufficient to satisfy the amount in controversy requirement. *See, e.g., Wragge v. Boeing Co.*, 532 F. Supp. 3d 616, 624 (N.D. Ill. 2021) (holding that severe damages allegations can be sufficient to prove the amount in controversy requirement). Allegations that a plaintiff has suffered severe and permanent injuries, has incurred and/or will occur substantial medical bills, and has experienced and/or will experience severe pain and suffering, all support the notion that the amount in controversy requirement is satisfied. *See id.*; *McCoy v. GMC*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002); *Majchrzak v. Gap, Inc.*, No. 17-cv-06604, 2018 U.S. Dist. LEXIS 81360 at *10, 2019 WL 2220292 (N.D. Ill. May 15, 2018). In Illinois, where a plaintiff requests damages only in the amount necessary to comply with Illinois Circuit Court's rules of assignment ($50,000) but asserts great allegations of damages caused by the defendant, then the $75,000 amount in controversy is met and removability is "obvious." *McCoy*, 226 F. Supp. 2d at 943.

4

14. Here, Plaintiff's severe damages claims against Defendant prove that the amount in controversy requirement is met. Plaintiff seeks to hold Defendant liable for repeat infections, surgical consults, permanent and disfiguring bone loss, loss of dental function, past, present, and future pain and suffering, past and future dental expenses, unspecified permanent limitations, and out-of-pocket expenses. These allegations, when coupled with the allegation that Defendant should be liable for an amount "in excess of $50,000" support a finding that Plaintiff is seeking an amount in excess of $75,000.00. Defendant has proven that it is more likely than not that the amount in controversy exceeds $75,000. *See Oshana*, 472 F.3d at 511 (providing that removal requires only a showing that the amount in controversy requirement is proven by a preponderance of the evidence).

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

15. Pursuant to 28 U.S.C. § 1446(a), all papers, pleadings and indexes that have been filed or served upon Defendant in the State Court Action, including the docket sheet, are attached hereto as **Exhibit B**. To the best of Defendant's knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

16. Defendant will serve a copy of this Notice of Removal on Plaintiff's counsel and will file a copy with the Sangamon County District Court, as required by 28 U.S.C. §1446(d). A copy of the Notice of Filing Notice of Removal filed with the Sangamon County District Court and served upon Plaintiff' counsel will be filed with this Court as **Exhibit C,** after the filing is completed.

17. If any question arises as to the removal of this action, Defendant requests the opportunity to present a brief oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Nobel Biocare USA, LLC respectfully requests that the filing of this Notice of Removal shall effect the removal of this case to the United States District Court for the Central District of Illinois.

Dated: August 12, 2022          By:   /s/ Michelle R. Gilboe
                                      MICHELLE R. GILBOE, SB# 0260411
                                      CLAIRE C. KUEFFNER, SB# 0402721
                                      LEWIS BRISBOIS BISGAARD & SMITH LLP
                                      Wells Fargo Center
                                      90 S 7th Street, Suite 2800
                                      Minneapolis, Minnesota 55402
                                      Telephone: 612.428.5000
                                      Facsimile: 612.428.5001

                                      *Attorneys for Defendant Nobel Biocare USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2022, I presented the foregoing **DEFENDANT NOBEL BIOCARE USA, LLC'S NOTICE OF REMOVAL OF ACTION** to the Clerk of the Court for filing and uploading to the CM/ECF system, and served counsel via email as follows:

Gary L. Smith
Loewenstein & Smith, P.C.
1204 South Fourth Street
Springfield, IL 62703
(217) 789-0500
lexsmith@lhoslaw.com

*/s/ Jeffrey T. Bash*
Lewis Brisbois Bisgaard & Smith LLP
Jeffrey T. Bash - #6280946
Jeff.Bash@lewisbrisbois.com
Mark Twain Plaza II
103 West Vandalia Street, Suite 300
Edwardsville, IL 62025
Telephone: 618.307.7290
Facsimile: 618.692.6099